# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JIMMY M. FLORES,** | ) |
| Plaintiff, | ) Case No. 7:14CV00113 |
| v. | ) **OPINION** |
| **E. BARKSDALE, WARDEN, ET AL.,** | ) By: James P. Jones |
| Defendant. | ) United States District Judge |

*Jimmy M. Flores, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that state prison officials wrongfully detained him in segregated confinement for 40 days. The court filed the action on condition that plaintiff consent to payment of the filing fee and demonstrate exhaustion of administrative remedies. Upon review of the record, I find that while plaintiff has fulfilled these prefiling conditions, his lawsuit must be summarily dismissed without prejudice as legally frivolous.

I

Plaintiff Jimmy M. Flores is an inmate at Buckingham Correctional Center ("BKCC"). He alleges that on December 13, 2013, without any pending disciplinary charge or medical investigation, a BKCC officer placed Flores in

"segregation (the hole)." (Compl. 3.) On December 17, 2013, a classification committee recommended, with administrative approval, that Flores could be managed in the general population. When Flores filed inmate complaint forms, asking why he was still in segregation, officials informed him that his penis implant was under review by medical and security staff as a potential problem if Flores was released to the general population. On January 15, 2014, Assistant Warden Davis informed Flores that review of his implant issue was complete, and he would be released to population. Flores was not actually released until January 24, 2014.

Flores asserts that by detaining him in segregation for 40 days, officials deprived him of liberty without due process, treated him differently than general population inmates, and violated his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Flores asserts that in segregation he did not have: freedom of movement, regular recreation, access to the canteen, television, or telephone, contact visits, programs, a job, and communication with other inmates. Flores sues several BKCC officials, seeking monetary damages.

II

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is

frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or based on "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). To state a cause of action under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Flores merely states the names of his defendants in the style of his complaint. He fails to state facts concerning conduct undertaken by each of the named defendants in violation of his rights. Therefore, he has not alleged any actionable claim against any of them.[1] More importantly, however, his allegations do not present the factual basis for a constitutional claim against anyone.

While convicted prisoners relinquish many rights upon being incarcerated, the Due Process Clause of the Fourteenth Amendment mandates procedural safeguards before an inmate may suffer a change in status that "imposes atypical

---

[1] The defendants named in the complaint are: E. Barksdale, Warden; C. Davis, Assistant Warden; B. Harris, Major; L. Crews, Records Manager; S. Meinhard, Law Library Supervisor; L. Dixon, Nurse; and Dr. Martinez.

and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

> [C]hanges in a prisoners' [sic] location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges—matters which every prisoner can anticipate are contemplated by his original sentence to prison—are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage the prisons safely and efficiently.

*Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir.1991) (en banc). Thus, where an inmate receives a change in housing assignment or a loss of privileges that is simply an ordinary variable of prison living conditions, no protected liberty interest is implicated, and that inmate has no claim for relief under the Due Process Clause. Moreover, violations of state procedural rules do not implicate federal due process protections. *Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990).

Flores does not state facts indicating that his 40-day stay in the segregation unit worked any atypical hardship upon him. At the most, he complains of a temporary loss of privileges, which officials could lawfully restrict at any time if security needs so required. Prison officials' alleged failure to comply with the classification committee's recommendation or with the assistant warden's finding that Flores was ready for release to the general population may implicate state procedural protections, but does not present any due process issue actionable under § 1983.

Flores also fails to allege facts stating an actionable claim under the other constitutional principles he cites. Prison officials may lawfully house him under different conditions than other inmates who do not carry the potential medical or security risks that his penis implant presents. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) (finding that equal protection claim requires showing that plaintiff "has been treated differently from others with whom he is similarly situated" for reasons not rationally related to legitimate state interests). Flores's allegations that officials temporarily restricted his privileges for security or medical reasons also do not implicate Eighth Amendment protections, as he fails to allege any serious or significant injury he suffered as a result of those short-lived restrictions. *See Strickler v. Waters*, 989 F.2d 1375, 1380-1381 (4th Cir. 1993) (finding Eighth Amendment prison conditions claim requires showing of resulting injury).

III

For the stated reasons, Flores's factual allegations do not provide any factual or legal basis for an actionable constitutional claim against prison officials. Therefore, I must summarily dismiss his complaint under § 1983 as frivolous, pursuant to § 1915A(b)(1). *Neitzke*, 490 U.S. at 327. Furthermore, I decline to

exercise supplemental jurisdiction over any possible related claims under state law, pursuant to 28 U.S.C. § 1367(c).

A separate Final Order will be entered herewith. The clerk will send a copy of that Final Order and this Opinion to the plaintiff.

                            DATED: April 8, 2014

                            /s/ James P. Jones
                            United States District Judge